The Gulf, Colorado & Santa Fe Railway Company v.
L. A. McWhirter.

No. 6402.

1. **Negligence—Contributing Causes.**—If an accident occurs from two causes, both due to negligence of different persons, but together the efficient cause, then all the persons whose acts contribute to the accident are liable for an injury resulting, and the negligence of one furnishes no excuse for the negligence of the other.

2. **Same—Case in Judgment—Turntable.**—A child five years of age was injured at a turntable left unlocked, the property of the appellant railway company.

The table was put in motion by other children of years of discretion, thus causing the injury. *Held*, that the negligence of the other children did not excuse the want of care on part of the railway company in leaving the turntable unfastened. A charge so stating was properly refused.

3. **Care of Child.**—In determining whether contributory negligence in case of injury to a child exists the intelligence of the child must be considered, for a child's care must be measured by its intelligence, whether it be actor or sufferer.

4. **Charge — Negligence.** — It was proper to refuse a charge importing that the railway company was not negligent in leaving its turntable unfastened if its weight was such that it could not be moved by a child of five years of age.

APPEAL from Lampasas.    Tried below before Hon. W. A. Blackburn. The opinion gives a statement.

*Mathews & Wood,* for appellant. — 1.    Some of the children revolving the turntable at the time plaintiff was injured being over the age of 14 years, the court should not have left it to the jury to determine whether or not persons over 14 years old were of sufficient age and intelligence to be responsible for their acts of negligence, but should have instructed them that such persons were responsible for their negligent acts.    Rev. Stats., arts. 2505, 2839; Penal Code, art. 34; Evansich v. Railway, 61 Texas, 29; Hough v. Hill, 47 Texas, 153; Arto v. Maydole, 54 Texas, 247; 2 Thomp. on Neg., secs. 1181, 1191, and note; Tyler on Infancy, 186; Railway v. Delaney, 82 Ill., 198; Nagle v. Railway, 88 Pa. St., 35; Railway v. Bumstead, 48 Ill., 224; Downs v. Railway, 47 N. Y., 85.

2.    Although negligence of the parent, guardian, or custodian may not under many circumstances be imputed to the child, yet where at the time of the accident the parent or custodian is actually present and has control over the movements of the child the negligence of the former may be imputed to the latter.    2 Thomp. on Neg., secs. 1188, 1189; Stillson v. Railway, 67 Mo., 671; Railway v. Stratton, 78 Ill., 91; Kay v. Railway, 65 Pa. St., 276.

3.    If the turntable was so constructed that it could not be turned by and was not a dangerous machine to children of plaintiff's age while playing thereon, and was put in motion by persons of sufficient age to be responsible for their acts of negligence, then the defendant would not be responsible for any injury plaintiff may have sustained by reason of its being so put in motion.    Evansich v. Railway, 61 Texas, 29, and authorities cited; Railway v. Connell, 88 Pa. St., 520.

*W. B. Abney,* for appellee, cited Fordtran v. Ellis, 58 Texas, 252; Cook v. Dennis, 61 Texas, 248; Austin v. Talk, 20 Texas, 164; Ins. Co. v. Ice Co., 64 Texas, 583; Endick v. Endick, 61 Texas, 560; Cockrell v. Cox, 65 Texas, 675; Railway v. Christman, 65 Texas, 374; Evansich v. Railway, 57 Texas, 128; Railway v. Stout, 17 Wall., 664; Whart. on Neg., secs. 144, 310, 311, 314, 316, 323; Railway v. Medaris, 64 Texas, 94; Mc-

Bride v. Banguss, 65 Texas, 177; Seale v. Railway, 65 Texas, 277; Lane v. Atlantic Works, 111 Mass., 140.

STAYTON, Chief Justice.—This action was instituted by Lewis McWhirter, a minor, by his next friend and father J. C. McWhirter, against the Gulf, Colorado & Santa Fe Railway Company, for the recovery of damages for injuries sustained by plaintiff while playing with other children on defendant's turntable, in the city and county of Lampasas. The plaintiff alleges that defendant negligently permitted the turntable to remain unguarded and unfastened; that it was a dangerous machine and calculated to attract the attention of children; that plaintiff, then five years of age and not knowing the danger thereof, went upon the turntable, and while it was being revolved by other children had his leg and hip caught therein, whereby he was seriously injured. The damages claimed were $2500.

Defendant filed its first amended answer, consisting of general and special exceptions, general denial, and also the following special defenses:

1. The contributory negligence in plaintiff's parents, who knowing the danger thereof, permitted plaintiff to play on the turntable.

2. That plaintiff was induced and permitted to go on the turntable by his older brothers and sisters, who were of sufficient age and intelligence to be responsible for their own negligent acts, and that the said older brothers and sisters of plaintiff caused the injury to plaintiff by putting the turntable in motion, the said older brothers and sisters at the time and place of the accident having the charge, care, and custody of plaintiff.

3. That at the time of the accident the plaintiff and other older children who were of sufficient age and intelligence to be responsible for their negligent acts were playing on the turntable, and such older children, knowing that plaintiff was so situated on the turntable and that if the same was revolved an injury to him would be certain, negligently caused said turntable to be revolved, whereby plaintiff was injured, all of said children then being trespassers on defendant's property.

The cause was tried and resulted in a verdict and judgment for plaintiff for the sum of $1233.33.

Henrietta McWhirter, a sister of plaintiff, who was the only witness that testified in regard to the accident by which plaintiff was injured, testified as follows:

"On March 10, 1886, when my brother Lewis McWhirter was hurt, he was about 5 years old. We were riding on the turntable with some boys and girls; there were five or six of us; just as we stopped the plaintiff tried to climb upon the turntable, and some one gave it a push and caught his leg between the turntable and the ties and mashed it. * * * I had played on the turntable before; it was neither fastened, enclosed, nor

guarded.    We were in the habit of playing there.    I was not on the turn-table when Lewis got hurt; I was close by at the time.    I was then 14 years old; Kate Bessonette, who was with us, was about my age; Bill Holder, who was there at the time of the accident, was about 15 years old, and my brothers Willie and Jim, aged respectively 10 and 7 years, were there; Robert Gibson, aged about 13 years, was there.    The turn-table was just stopping when Lewis tried to get on it.    I don't know which one of the boys pushed it.    Will Holder was at the head of the turntable and he had just been pushing it; he and Bob Gibson had just been pushing it for us.    It was one of them or my little brother Willie that pushed it.    I was quite near to Lewis when he got hurt—not over four or five feet.    *   *   *   Lewis could not move the table himself.    My brother Willie could turn the table.    Holder and Gibson came down while we were there.    There was no grown person with us.    Either of the other boys, except Lewis or Jimmie, could move the table alone."

The court in its charge made the liability of appellant to depend on the negligent condition in which its turntable was kept, and no objection is made to the charge in this respect, nor claim that the turntable was kept in proper condition.

It is claimed, however, that the court erred in giving the following charge:

"If from the evidence you believe plaintiff was injured, but further believe that the same was caused by other parties than defendant's agents and employes revolving said table, and if you believe such other parties were of such age and intelligence as to know the danger of revolving such table, and of such age and intelligence as to be responsible for their own negligent acts, then if you so believe you should find for defendant.    But if you should believe from the evidence that such other parties were not of such age, discretion, and intelligence as to realize the danger of their acts and negligence in the transaction, then the defendant would be responsible.    *   *   *   Whether or not the person who the proof may show revolved the table was of sufficient age, intelligence, and discretion to realize the danger of revolving the table   *   *   *   you must determine from the evidence in the case."

It is contended that the court should have charged the jury that appellant was not liable if the turntable was revolved by children over 14 years of age, and that the question of intelligence and responsibility of such children should not have been left to the jury.    It may be true that in the absence of evidence showing or tending to show want of ordinary capacity that a court ought to assume a child over 14 years of age to be *sui juris,* for at that age the law confers upon them some rights which require the exercise of an intelligent will and imposes on them liability for acts criminal in nature.    It, however, does not follow from this that the giving of the charge would justify a reversal of the judgment.

Under the evidence and finding of the jury it must be conceded that the negligence of appellant contributed to the injury, and if it be conceded that the person who put the turntable in motion was *sui juris* this would not relieve the appellant from liability though another party might also be liable.

If an accident occurs from two causes, both due to negligence of different persons, but together the efficient cause, then all the persons whose acts contribute to the accident are liable for an injury resulting, and the negligence of one furnishes no excuse for the negligence of the other. Markham v. Nav. Co., 73 Texas, 247; Illidge v. Goodwin, 5 C. & P., 190; Webster v. Railway, 38 N. Y., 260; Slater v. Muserean, 64 N. Y., 138; Martin v. Iron Works, 31 Minn., 410; Mill Co. v. Wheeler, 31 Minn., 121; Arimond v. Canal Co., 35 Wis., 45; Eaton v. Railway, 11 Allen, 505; Cool. on Torts, 823; Bish. Non-Con. Law, 518; Shearm. & Redf. on Neg., 35; Whart. on Neg., 144; Thomp. on Neg., 1088.

The case of Evansich v. Railway, 61 Texas, 29, is cited for the proposition contended for by appellant and announced in the charge of the court. In that case the evidence tended to show that the turntable was as well secured as its unfinished condition would permit, and it was held if this was the case that the unfastening and use of it by a person *sui juris* through which an injury resulted to a third person would relieve the railroad company from liability. This was so because in that case the accident would result not from the negligence of the company as a concurring cause, but from the intelligent and independent act of another. If a railway company should leave its turntable unfastened or so slightly fastened that children not *sui juris* can unfasten it and use it, then it should be held liable for an injury resulting from its use by such persons, for on account of their want of intelligence the negligence of the company must be deemed the proximate cause of the injury. If a turntable or like dangerous machinery, such as is likely to attract children to it for purposes of amusement, be left unsecured, this is negligence on the part of its owner; and if while in this condition it be put in motion by one of sufficient intelligence to make his act negligence, then both parties ought to be held liable for their concurrent negligence through which one not guilty of contributory negligence is injured.

The general rule is that infants are liable for torts committed by them when intent with which the act is done is not an element on which liability depends; but in determining whether contributory negligence exists the intelligence of the child must be considered, for a child's care must be measured by its intelligence, whether it be the actor or sufferer.

The charge of the court making appellant's liability to depend on its own negligence, the charge given did not injuriously affect it, but might have so operated toward appellee.

It is claimed that the court erred in refusing to give the following charge:

"If the jury find the plaintiff went to the turntable in the company and charge of his older sister; that his older sister was of age sufficient to be responsible for her negligent acts, and while plaintiff was in her care and control, and by her negligence, if any, in turning the turntable, or the negligence of others in her presence, the effects of which she could have prevented, the plaintiff was injured, the defendant would not be responsible for such injury."

No facts were shown that would have justified the giving of this charge if it could be conceded that negligence of the sister could be imputed to appellee.

The rule on which the charge is based, however, has not been recognized in this State (Railway v. Moore, 59 Texas, 68), and it is unnecessary to consider what would be the rule had the sister done some affirmative act which, concurring with the negligence of appellant, produced the injury.

It is further claimed that the court erred in refusing to give the following charge:

"If the jury find from the evidence that the turntable was so constructed that it was of such weight that a child so young as plaintiff could not move it or revolve it, and that it was turned by boys or girls of age sufficient to be responsible for their negligent acts, and while it was so being turned by such older children the plaintiff was injured thereon, the defendant would not be responsible for such injury."

This charge, in effect, would have informed the jury as matter of law that a railway company was not negligent in leaving its turntable unfastened if its weight was such that it could not be revolved by a child of about 5 years of age; and if there was no other objection to the charge it was properly refused, for it was the province of the jury to determine whether appellant was negligent, as instructed by the court, looking "to the way in which the turntable was kept, and the place where it was kept, taking into consideration all the surrounding circumstances in evidence."

For the same reason the court did not err in refusing to give the fifth charge requested.

There is no complaint made in such manner that it can be considered that the verdict was excessive, though this was urged as ground for a new trial.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

Delivered April 18, 1890.

Motion for rehearing for appellant argued by *J. W. Terry.* Overruled June 24, 1890.