NANCY C. GOSSETT ET AL. v. CITIZENS RAILWAY COMPANY.

Application No. 3525.  Decided October 20, 1902.

**1.—Jurisdiction of Supreme Court—Overruling Decisions—Cases Explained.**

The ruling of the Court of Civil Appeals reversing and remanding in this case for error in a charge which held it to be negligence in law for a street railway company to fail to comply with ordinances requiring it to keep its road-bed between the rails to the level of the grade line fixed by the street commissioner, held not to involve such overruling of the decisions in Railway v. Matula, 79 Texas, 577; Railway v. Wilson, 60 Texas, 142; Railway v. Bowles, 88 Texas, 639; Railway v. Brown, 11 Texas Civil Appeals, 503; Railway v. Calvert, 11 Texas Civil Appeals, 301, or Railway v. Pendery, 14 Texas Civil Appeals, 60, as to give the Supreme Court jurisdiction to grant a writ of error. (Pp. 1-3.)

**2.—Same.**

The decisions in question not being expressly overruled, the case may have proceeded on the theory that the ordinance required only ordinary care by the company to keep its tracks to the required grade, or that if it required more it was unreasonable, and not on the view that failure to comply with a valid ordinance was not negligence in law. (Pp. 2, 3.)

**3.—Overruling Case—Civil Decision of Court of Appeals.**

The overruling, by a court of civil appeals, of a decision of the old Court of Appeals in a civil case will not give the Supreme Court jurisdiction to grant writ of error in a case reversed and remanded. (P. 3.)

Application for writ of error to the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

*A. C. Prendergast* and *Sleeper & Kendall,* for petitioner.

GAINES, CHIEF JUSTICE.—The judgment in this case was reversed and the cause remanded by the Court of Civil Appeals upon the ground that there was error in the charge of the court. The ordinances of the city introduced in evidence prescribed that the street commissioner should fix the grade line of the street and that street railway companies should "comply strictly to the grade line given by the street commissioner and 'should' keep the top of the rail so laid flush with the surface of said street." They provided also that they should keep "their roadbeds and tracks in good condition so as to permit the safe and easy

crossing of vehicles at any point within the city limits where the grade or fill does not prevent such crossing." The charge held to be erroneous by the Court of Civil Appeals is as follows: "Now, if you believe from the evidence that the defendant permitted the surface of said street between the rails of the railway track to become lower than the top of the north rail thereof, so that said rail extended above the surface so high as to interfere with the safe and easy crossing of the same, and to make it difficult and dangerous for persons passing over the same and along said avenue in wheel vehicles, and that said William J. Gossett attempted to drive his wagon across said rail, and that the right back wheel of his wagon caught thereon and was crushed, and that by reason thereof said Gossett was caused to fall from his said wagon and thereby received the injuries complained of, and you further believe that said Gossett was at the time exercising ordinary care, then and in that event you will find for plaintiffs, unless you find for the defendant under the following portion of this charge, and the burden of proof rests upon the plaintiffs to establish the foregoing facts by a preponderance of the evidence." In order to show jurisdiction in this court it is alleged in the application for the writ of error that the decision of the Court of Civil Appeals overrules the following decisions of the Supreme Court and of the courts of civil appeals: Railway v. Matula, 79 Texas, 577; Railway v. Wilson, 60 Texas, 142; Railway v. Bowles, 88 Texas, 639; Railway v. Brown, 11 Texas Civ. App., 503; Railway v. Calvert, 11 Texas Civ. App., 301; Railway v. Pendery, 14 Texas Civ. App., 60. The three cases first cited are from this court, and all, in so far as they affect the question before us, relate to the duty of railroad companies with respect to statutory requirements. The effect of the holding in each of them is, that the failure to observe a duty declared by a statute of the State is negligence per se. In Railway v. Brown, 11 Texas Civil Appeals, 503, the ruling was, that where the ordinance of a city required that upon locomotives running in the city limits a bell should be kept ringing, it was negligence to run an engine even in the railroad yards without ringing the bell, unless it appeared that such ordinance was unreasonable. Both the Calvert case in the same volume, and the Nelson case, 24 Southwestern Reporter, 588, hold that the failure to comply with a city ordinance as to the ringing of a bell is negligence as a matter of law. In the Pendery case, 14 Texas Civil Appeals, 60, a like ruling is announced as to an ordinance regulating the speed of trains within the corporate limits.

In the present case the Court of Civil Appeals nowhere expressly holds that the failure to obey an ordinance is not negligence as a matter of law. It was the duty of the court to construe the ordinances introduced in evidence, and they seem to hold that the ordinances properly construed required only that the street railway company should use ordinary care to keep the street in the condition required by the city laws. It may be that since the law is that an ordinance in order to be valid must be reasonable, the court were of opinion that under the evidence in this case, if the ordinance required of the railway company more than ordinary dili-

gence in its efforts to comply with its requirements, it was unreasonable and therefore invalid. We think, therefore, this case distinguishable from either of the cases relied upon to show a conflict of decision; and since the court does not expressly overrule either of them, it is to be presumed that they intended rather to distinguish the present case than to make a conflicting ruling. Our conclusion therefore is, that the decision in the present case does not overrule the decision in either of the cases we have just considered. Therefore there is not that well defined conflict which is necessary to give the Supreme Court jurisdiction over a reversed and remanded cause.

We have not considered the case of Railway v. Cockrell, 2 Willson Civil Cases, section 717, for the reason that that was a decision of the old Court of Appeals. The overruling of a decision of that court would not give us jurisdiction. Rev. Stats., art. 941.

Since we conclude that we are without jurisdiction to grant the writ of error in this case, we would not be understood as expressing or intimating any opinion as to the correctness of the ruling of the Court of Civil Appeals. Our purpose has been merely to distinguish this case from those, which are claimed to be overruled by it.

The application is dismissed for want of jurisdiction.