GALVESTON, HARRISBURG AND SAN ANTONIO RAILWAY COMPANY ET AL. v. MATTIE J. VOLLRATH.

Decided June 7, 1905.

**1.—Railroads—Negligence—Ringing Bell for Crossing.**

A failure to ring the bell as cars are approaching a public crossing, as required by the statute, is negligence per se. (Rev. Stats., art. 4507.)

**2.—Concurring Negligence—Joint Tortfeasors.**

Where acts of negligence of two different parties concur in producing an injury, each will be liable therefor if such acts are a proximate cause of the injury.

**3.—Same—Proximate and Concurring Causes.**

It is not essential that a cause should act alone in order to constitute it the proximate cause, but it will be such if it concurs with another cause in producing the result. The rule applied in a case of injury resulting from the failure of a street car to stop at a railway crossing, and the failure of an engine to sound the bell as cars were approaching the crossing.

**4.—Assignments of Error Too General.**

Assignments of error, such as that a certain paragraph of the charge "was erroneous, misleading and confusing," or that the charge "permits a double recovery," without specifying wherein, are too general where submitted as propositions.

**5.—Charge—Assuming Fact—Negligence.**

A charge that it was the duty of the defendant company to use ordinary

care to prevent an injury to plaintiff, and defining ordinary care, is not objec-
tionable as assuming that defendant injured the plaintiff or was guilty of neg-
ligence.

**6.—Railroads—Failure to Ring Bell at Crossing.**

Where plaintiff was injured in jumping from a street car to escape an ap-
parently impending collision with approaching railroad cars, the railroad com-
pany was not relieved of its liability resulting from its not having the bell
rung by reason of the fact that its train actually stopped before any collision
took place, the injury to plaintiff having already then occurred.

**7.—Charge—Invited Error.**

A party can not complain of a charge which is substantially the same as
one requested by him.

**8.—Street Railroad—Crossing Railroad Track—City Ordinance.**

Where a city ordinance provided that street cars should come to a full
stop before crossing any railroad track, this included switch and spur tracks
as well as the main track.

**9.—Pleading and Charge—Injury to Passenger—Lookout at Crossing.**

Where plaintiff, a street car passenger injured at a railroad crossing, al-
leged that the defendant street car company "failed to take any precaution
whatever to ascertain the presence or coming of a train," this was sufficient to
justify the court in presenting the issue as to whether such defendant "failed to
keep a reasonably sufficient lookout for said train, as alleged in plaintiff's pe-
tition."

**10.—Charge—Implied Assumption.**

The court did not assume that plaintiff had reasonable ground for leaving
the street car, while on the railroad track, to avoid a threatened collision, by
submitting the question whether there was reasonable ground for leaving the
car after it had moved off the railroad track.

**11.—Damages for Personal Injury—Measure.**

A charge in an action for personal injuries that the jury should allow plain-
tiff such damages as would fairly compensate her for her injuries was proper,
and that language could have no other signification except that of present com-
pensation.

**12.—Same—Amount of Verdict.**

A judgment for $14,000 upheld in the case of a strong, healthy woman of
thirty-four years of age, who was reduced to a nervous wreck by injuries re-
ceived.

Appeal from the District Court of Bexar.  Tried below before Hon.
J. L. Camp.

*Baker, Botts, Parker & Garwood, W. B. Teagarden, Newton & Ward*
and *Ogden & Brooks,* for appellant railway company.—1. As to proxi-
mate cause, counsel cited: Texas & P. Ry. Co. v. Bingham, 90 Texas,
223; Seale v. Gulf, C. & S. F. Ry. Co., 65 Texas, 274; Fort Worth &
Rio Grande v. Neely, 60 S. W. Rep., 282; Texas & P. Ry. Co. v. Do-
herty, 15 S. W. Rep., 44; Brandon v. Manufacturing Co., 51 Texas, 121.

2. Failure to ring the bell or blow the whistle, which had nothing
to do with causing the injury, can not be considered in determining lia-
bility. Texas & P. Ry. Co. v. Wright, 62 Texas, 515; Railway Co. v.
Nixon, 52 Texas, 19; Central Ry. Co. v. Nycum, 34 S. W. Rep., 460;
Missouri, K. & T. Ry. Co. v. Cardena, 54 S. W. Rep., 313, 55 S. W.

Rep., 44; Calhoun v. Railway Co., 84 Texas, 226; Railway Co. v. Wright, 62 Texas, 515; Railway Co. v. Malone, 37 S. W. Rep., 640.

3. The court erred in that part of its charge which is as follows: "It was the duty of the Galveston, Harrisburg & San Antonio Railway Company to use ordinary care to prevent an injury to plaintiff, and by ordinary care is meant such care as an ordinarily prudent person would have used under like circumstances," in this: that it assumes that this defendant did injure the plaintiff. Missouri, K. & T. Ry. v. Williams, 40 S. W. Rep., 161; St. Louis S. W. Ry. v. Smith, 63 S. W. Rep., 1065; Railway Co. v. Chrispman, 65 S. W. Rep., 369; Texas & P. Ry. v. Berry, 77 S. W. Rep., 424.

*H. C. Carter* and *Perry J. Lewis,* for appellee.—1. If an accident occurs from two causes, both due to negligence of different persons, but together the efficient cause, then all of the persons whose acts contributed to the accident are liable for an injury resulting, and the negligence of the one is no excuse for the negligence of the other. Railway v. Croskell, 6 Texas Civ. App., 160; Lane v. Atlantic Works, 111 Mass., 139; Railway v. Sweeney, 36 S. W. Rep., 800; Railway v. Mussette, 86 Texas, 719; Markham v. Houston Nav. Co., 73 Texas, 249; Railway v. McWhirter, 77 Texas, 356.

2. To constitute a negligent act the proximate cause of the injury, it need not be the sole cause; but it is sufficient if it is a concurring cause, from which such a result might reasonably have been anticipated. Eads v. City of Marshall, 29 S. W. Rep., 171, and cases cited; City of San Antonio v. Porter, 59 S. W. Rep., 924; Railway v. Bingham, 90 Texas, 226; Milwaukee Ry. Co. v. Kellogg, 94 U. S., 469.

FLY, ASSOCIATE JUSTICE.—This is a suit for damages against the Galveston, Harrisburg & San Antonio Railway Company and the San Antonio Traction Company, alleged to have accrued by appellee jumping from a street car of the latter corporation on account of an approaching train belonging to the railway company. A trial by jury resulted in a verdict and judgment for appellee against both appellants in the sum of $16,000, of which $2,000 was remitted by appellee.

The petition has the following averments: "Plaintiff avers that, heretofore, on or about June 27, 1902, she was a passenger on one of the street cars of the defendant San Antonio Traction Company, going westward along said East Commerce Street, and when said street car reached the place where the tracks of the railway company cross the tracks of the traction company, through the gross carelessness and negligence of both defendants, a collision of a long string of box cars of the defendant Galveston, Harrisburg & San Antonio Railway Company with a street car of the San Antonio Traction Company, upon which plaintiff was a passenger, was imminent and impending, and, acting upon the appearance of danger and imminent peril, plaintiff jumped from said car while the same was crossing the tracks of the said railway company, and was seriously, permanently and painfully injured, as hereinafter more fully set out.

Plaintiff further avers that the appearance of danger and of a disastrous collision of the said string of freight cars with the said street

car was brought about and caused by the negligence and carelessness of both defendant companies; that an engine of the Galveston, Harrisburg & San Antonio Railway Company was shoving a long string of box cars from the south to the north, and approached the said intersection of the street railway track on East Commerce Street without taking any precautions whatever to ascertain the presence of the said street car; that the employes in charge of said engine and cars failed to stop and look out for a street car, and failed to give any warning of their approach, and failed to maintain a reasonable lookout, and negligently failed to inform themselves of the coming or presence of said street car, but recklessly and negligently shoved and propelled said string of box cars over and upon the said East Commerce Street, and so perilously close to the said street car as to create the reasonable appearance of a disastrous collision. That the said San Antonio Traction Company was negligent and reckless in that the motorman in charge of said street car failed to bring his car to a stop upon approaching the intersection with said railway track, and failed to take any precaution whatever to ascertain the presence or coming of a train, failed to ring his gong and to give any warning of his approach, and he negligently and recklessly propelled the said street car upon the tracks of the said railway immediately in front of an approaching train of cars, and thereby produced a reasonable apprehension of a disastrous collision, and plaintiff was thereby greatly frightened, and, in order to save her life, said plaintiff jumped from the said street car and was seriously and permanently injured, as hereinafter stated."

It was further alleged that there was a city ordinance requiring the traction company to bring its cars to a full stop before crossing any railroad track.

The following conclusions are drawn from the statement of facts: About June 27, 1902, appellee was a passenger on a street car belonging to the traction company, which was coming into the city of San Antonio along East Commerce Street. When the car reached the place where a spur track of the railway company crosses Commerce Street the employes of the traction company negligently failed to stop the car before attempting to cross the railway track, but continued its journey across the track. At that time a train of freight cars was being rapidly backed toward the crossing. No attempt was made to stop the street car, but when the motorman saw the freight cars he turned on the electricity so as to go rapidly across. The train ran up within six feet of the street car and stopped. When the freight cars were about fifteen or sixteen feet from the street car a brakeman on the car nearest to the crossing halloaed, "Look out," and a passenger yelled, "Jump off." Appellee, becoming greatly alarmed, and fearing for her life, jumped off the car and was seriously and permanently injured. She had reasonable grounds for believing that the danger was imminent, and that a collision would take place. The brakeman on the freight car could see a street car coming fifty or sixty feet from the crossing when he was two or three car-lengths from it. No bell was being rung or other signal given by the train of its approach. Commerce Street is one of the main thoroughfares of the city, and at that point was much used by

pedestrians and vehicles.   There were no gates nor watchman at the crossing.   We find that appellee was injured through the concurring negligence of the two appellants.

Our conclusions of fact dispose of the assignments of error of the railway company from one to eight, inclusive, which attack the sufficiency of the evidence to sustain the verdict as against it.   The statute requires railway companies to ring a bell when approaching a public crossing, and a failure to comply with that requirement would be statutory negligence, and if such failure to comply with the provisions of the statute was a proximate cause of the injury inflicted upon appellee, appellant would be liable, no matter what negligence on the part of another concurred with its negligence in producing the result.   The same is true if the jury found that appellant was negligent in failing to keep a proper outlook at the crossing.   The evidence tends to show that if the railway company had kept a proper lookout the street car would have been seen and the train would not have rapidly approached the crossing in the manner it did, and that if it had given a proper signal of its approach the street car would not have gone upon the crossing.   If the street car had stopped, as required by the city ordinance, before attempting to cross the railroad, the approach of the train would not have alarmed appellee, and the accident would not have occurred.   The acts of negligence of the two appellants concurred in producing the result, and each will be liable therefor.   (Shippers' Compress Co. v. Davidson, Texas Civ. App., 80 S. W. Rep., 1032.)   It is not essential that a cause should act alone in order to constitute it the proximate cause, but, if it concurs with another cause in producing the result, it will be a proximate cause, and one or both of the instruments setting the cause in motion will be liable for the damages arising therefrom.   (Railways v. Croskell, 6 Texas Civ. App., 160, and authorities therein cited.)   "If an accident occurs from two causes, both due to negligence of different persons, but together the efficient cause, then all the persons whose acts contribute to the accident are liable for an injury resulting, and the negligence of one furnishes no excuse for the negligence of the other."   (Railway v. McWhirter, 77 Texas, 356.) One tortfeasor can not be allowed to excuse his negligence by the plea that his negligence would not have produced the result if another tortfeasor had not also been negligent.   Each will be responsible for the results of his negligence.

The court did not err in instructing the jury that it was negligence for the railway company to not ring its bell in approaching the crossing, as required by statute, and negligence in the traction company to fail to stop its car before attempting to cross the railway track, as provided by a city ordinance.   In other parts of the charge the jury were instructed that if the failure to stop the car was not the proximate cause of the accident the traction company was not liable, 'and if the failure to ring the bell was not the proximate cause of the injury to appellee the railway company was not liable.

The ninth assignment of error of the railway company, which is submitted as a proposition, does not indicate wherein the charge is defective, except that it "was erroneous and misleading to the jury." While it is not essential that an assignment of error should point out

the specific error in a charge of which complaint is made, it should in itself, or by a proposition following it; indicate the ground of attack. The assignment, as a proposition, is too general to be considered.

The court charged the jury: "It was the duty of the Galveston, Harrisburg & San Antonio Railway Company to use ordinary care to prevent, an injury to plaintiff, and by ordinary care is meant such care as an ordinarily prudent person would have used under like circumstances." That charge is attacked on the ground that it assumes that the railway company injured appellee, and also assumed that it was guilty of negligence. The charge is not open to the criticisms stated in the assignments of error. The existence of no fact is assumed therein. The court merely charged a general duty that the railway company owed to appellee, and the clause should be read and construed in connection with the other portions of the charge. It can not be logically contended that the railway company was not under any obligations to use ordinary care to prevent injury to persons on its track at a public crossing.

The evidence clearly shows that the train was about to be backed across the street, and there is no merit in the contention that, because it was stopped, so as to prevent running into a passing street car, it was thereby relieved from the duty of ringing its bell in approaching the crossing. It could not relieve itself of its liability for injuries arising from a violation of the statute by stopping at the crossing after causing the injury. The court did not require the bell to be rung after the train stopped, but until it passed the crossing or stopped, which is the language of the statute. (Art. 4507, Sayles' Civ. Stats.) The failure to ring the bell, as required by the statute, was negligence *per se,* whether it caused the injury to appellee or not, and the court did not err in so instructing the jury. The jury was fully instructed that the railway company was not liable for such negligence unless it was the proximate cause of the injury. That was a question of fact to be determined by the jury. In the cases cited by appellants the charges failed to state that the negligence, in order to make it actionable, must have been the proximate cause of the injuries.

There is no merit in the contention that the charge made the railway company responsible for the acts of the employes of the traction company, for it clearly and explicitly restricts the liability of the former to the effects of its negligence. The charge fully presented the law, and the attacks upon it are without merit.

It appears from the evidence that the failure of the railway company to perform its statutory duty in ringing its bell, and to keep a proper outlook when approaching a crossing on a street, was one of the concurring causes that produced the circumstances that made it reasonably appear to appellee that the cars would crash into the street car, and proximately caused her injuries, and the court did not err in submitting the circumstances to the jury. There was no conflict in the paragraphs submitting that phase of the case to the jury. The charge did not authorize a verdict for appellee on any ground of negligence except those specified in the petition and substantiated by the evidence, and the court did not err in instructing the jury that if the negligence of

the railway company alone caused the accident it would be liable there-
for. The last proposition is too plain for discussion.

The twenty-seventh assignment of error is as follows: "That said
charge last above referred to was further erroneous, misleading and
confusing to the jury when considered in connection with paragraphs
7, 8 and 9 of the main charge." That assignment is submitted as a
proposition. It is clearly too general and indefinite to be considered.

The twenty-eighth, twenty-ninth and thirtieth assignments of error
complain of the seventh paragraph of the charge because it instructed
the jury that, if appellee jumped from the street car after it had
crossed over the track of the railway company, and there was no rea-
sonable ground for fearing a collision, then they should find for appel-
lants. The railway company asked the court to give the following
charge: "If you believe from the evidence that the plaintiff, Mrs.
Mattie J. Vollrath, jumped from the street car after the same had
crossed the switch track of the defendant, G., H. & S. A. Ry. Co., and
at a time when there was no reasonable apprehension of danger, and no
reasonable grounds for believing that a collision could occur, you will
return a verdict in favor of the defendant, G., H. & S. A. Ry. Co."
In view of that request, and in view of the fact that its fifty-second
assignment of error is founded on the refusal of the court to give it,
we do not think the railway company is in a position to attack the
charge of the court as embodied in the seventh paragraph, even if it
were erroneous.

The thirty-first assignment of error is: "The court erred in the
eighth paragraph of its main charge in this, that said charge was er-
roneous, misleading and confusing to the jury." It is submitted as a
proposition, and, manifestly, is too general for consideration. The
thirty-second assignment of error is answered by our conclusions of
fact, and the thirty-third is without merit. The jury were clearly in-
formed that if the negligence of the railway company was the proxi-
mate cause of the injury it was not liable.

No other negligence except that alleged in the petition was proved,
and the jury could not have found the railway company guilty of other
negligence, even if the charge had permitted it. However, the charge,
when construed all together, is not open to criticism in that regard,
and the different paragraphs are in perfect harmony with each other.

The forty-sixth assignment of error attacks the charge on the ground
that it permits a double recovery. The assignment is submitted as a
proposition, and wherein the charge allows a double recovery is not in-
dicated. However, the charge does not permit a double recovery of dam-
ages.

There are seven assignments of error which complain of the action
of the court in refusing to give certain special charges asked by the
railway company. Several of the requested charges contain the doc-
trine that, if the traction company was guilty of negligence, the rail-
way company, although also guilty of negligence, was not liable. Of
course, that theory is untenable. To sustain it would be to hold that,
where the independent acts of several parties concurring cause an in-
jury, neither would be liable. The fact that the immediate cause of
appellee leaving the car was the outcry of an employe of the railway

company would not excuse it for creating the circumstances that induced the outcry. Its negligence was a concurring cause in producing the injuries, and that fixed its liability.

Through its first assignment of error the traction company presents the propositions that the accident having occurred on a switch or spur track, the ordinance requiring street cars to stop before crossing has no application. The city ordinance provides that "no street car shall stop on any street crossing or on any railroad tracks, but shall come to a full stop before crossing any railroad track," and is comprehensive enough to include any railroad track, whether main line or spur. That a failure to obey the ordinance was negligence *per se* is the settled law in Texas. (Railway v. Brown, 11 Texas Civ. App., 503; Railway v. Calvert, 11 Texas Civ. App., 297; Railway v. Pendiry, 14 Texas Civ. App., 60; Railway v. Matherby, 81 S. W. Rep., 589.) Writs of error were refused in the two cases first and the one last cited, and there is no intimation, we think, in the case of Gossett v. Railway Co. (96 Texas, 1), that the Supreme Court does not agree with the ruling in those cases. The decisions of New York can not be held authority on the subject, as they hold that a violation of a statute of the State, as well as of a city ordinance, is not negligence (Connoly v. Ice Co., 114 N. Y., 108), which is directly contrary to numerous decisions of the Supreme Court of Texas.

The fifth paragraph of the charge is attacked, through the second and fourth assignments of error, on the grounds that it submitted the question as to whether the traction company kept a lookout for the train. It was alleged in the petition that the traction company "failed to take any precaution whatever to ascertain the presence or coming of a train," and we think the court was justified, under that pleading, in presenting the issue as to whether that appellant "failed to keep a reasonably sufficient lookout for said train, as alleged in plaintiff's petition." The word "lookout" is used in the charge in the sense of looking to ascertain the coming or presence of a train, and this is clearly evinced by a reference to the petition, where it was alleged that no precaution was taken to ascertain the presence or coming of the train. There was evidence tending to show that the motorman, by the exercise of any care whatever, could have ascertained the coming of the train before he went upon the crossing.

The third and fifth assignments of error are submitted as propositions, but, failing to point out errors complained of, can not meet with consideration.

The court did not assume in the charge that appellee had reasonable ground for leaving the car while on the track by submitting to the jury the question of whether there were reasonable grounds for leaving the street car after it had moved off the railway track. The charge did not intimate that the traction company was liable in any event if appellee jumped off the street car while on the railroad track. The criticised charge must be read and construed in connection with the rest of the instructions.

The court did not place the burden of showing that the failure to stop the car was not the proximate cause of the disaster by instructing the jury that, if they found that the failure to stop the car was not a

proximate cause of the injury, then the traction company would not be liable. The question of proximate cause, in connection with the outcry of the employe, was submitted to the jury in a requested charge of the traction company in the same language of which the complaint is made.

A collision between the train and street car was not necessary under the pleadings in this case, but if the negligence of appellants created a reasonable apprehension of death or serious bodily injury upon the part of appellee, and that apprehension of such danger caused appellee to jump from the car, and she was thereby injured, she could recover for the damages arising therefrom. The court, having placed this proposition of law plainly before the jury, did not err in instructing the jury in another paragraph that both companies would be liable if their negligence caused the injuries. The court did not thereby assume that appellee had such reasonable apprehension of danger.

The court instructed the jury that they should allow appellee such damages as would fairly compensate her for her injuries, and that language could have no other signification except that of present compensation. Charges in the same language, and against the same objections, have been sustained too often by the Appellate Courts of Texas to require further discussion.

Appellee, when injured, was thirty-four years of age, was strong, healthy and robust, weighing 175 pounds, and, if the testimony of her witnesses is to be credited, she has been converted into a nervous wreck, suffering with insomnia, pleurisy, neuralgia and irregular menstruation. Her suffering has been intense. We can not hold that fourteen thousand dollars, under these circumstances, is an excessive amount to be awarded her as damages.

The judgment will be affirmed.

*Affirmed.*

Writ of error refused.