KANSAS CITY SOUTHERN RY. CO. v. COOMBER.    (No. 1376.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 21, 1915. Rehearing Denied Feb. 4, 1915.)

1. MASTER AND SERVANT ☞284 — INJURIES TO SERVANT—JURY QUESTION.

The question of the cause of the derailment of the locomotive *held*, under the evidence, for the jury, in an action by the injured engineer.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1000–1090, 1092–1132; Dec. Dig. ☞284.]

2. TRIAL ☞260—INSTRUCTIONS—REFUSAL.

The refusal of requests covered by the charge given is not error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. ☞260.]

3. TRIAL ☞194—INSTRUCTIONS—WEIGHT OF EVIDENCE.

Where the instructions, in their entirety, required the jury to find as facts the particular acts of negligence complained of, they were not objectionable as on the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. ☞194.]

4. TRIAL ☞296 — INSTRUCTIONS — SUFFICIENCY.

Indefiniteness in an instruction is not error, where the instruction, read in connection with a special charge, could not have misled the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. ☞296.]

5. MASTER AND SERVANT ☞129—INJURIES TO SERVANT—NEGLIGENCE.

Where the negligence of a railroad company was either the sole cause of the derailment of a locomotive, or without its negligence the derailment would not have occurred, the company was liable to an employé injured in the accident.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 257–263; Dec. Dig. ☞129.]

6. MASTER AND SERVANT ☞291—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE.

Where an engineer, when the lead wheels of his locomotive left the tracks, set the emergency brakes, and then went to the steps to alight, but was crushed under the locomotive, which overturned before he alighted, there was no question of contributory negligence in voluntarily jumping from the train.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1133, 1134, 1136—1146; Dec. Dig. ☞291.]

Appeal from District Court, Bowie County; H. F. O'Neal, Judge.

Action by A. R. Coomber against the Kansas City Southern Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The passenger engine that the appellee was operating was suddenly derailed on the main line, inflicting upon him grievous bodily injury. He alleges that his injuries were caused by the negligent acts of appellant in furnishing for service an engine having the flanges on the wheels of the truck worn sharp and vertical, and in maintaining the track at the place of derailment out of alignment, with depressions and low joints, having rotten ties, and the rails not sufficiently spiked to the ties. The appellant denied the allegations of negligence, and pleaded, as a defense, that the derailment was caused by the wanton act of unknown parties in placing spikes on the rails, and assumed risk and negligence on the part of the plaintiff. The jury returned a verdict in favor of appellee.

Appellant's regular passenger train had left the station of Anococa, La., going south, and was running at the rate of speed between 20 and 25 miles an hour. At a point three-fourths of a mile from the station, the track is so constructed as to have a three degree curve. On this curve the front or lead wheels of the engine trucks suddenly mounted the rail, and the flanges of the wheels ran on the ball of the rail about a rail's length, then left the rail, got on the outside of the curve and ran on the ties for a distance of about 11 rails, or about 330 feet, when the engine turned over. The appellee, the engineer, after applying the air in the emergency, got on the second step of the engine in an effort to alight, but the engine entirely left the track and overturned before he alighted. Appellee had both of his legs crushed and broken, and suffered injuries to an extent to justify the amount of the verdict. According to the evidence given by the witnesses in behalf of appellee, it was established that the flanges on the front left, and the rear right, wheels of the engine trucks had, through use, become worn and sharp and vertical, while the front right, and the rear left, wheels of the same trucks were not worn and had no vertical flanges, which condition caused the trucks to run on the rails in an insecure and unsafe way for operation, and was dangerous and likely to cause derailment of the engine. It was also established by the evidence in behalf of appellee that for a distance of between 400 and 500 yards, both north and south of the point where the wheels of the engine trucks first mounted the rail, the track had low joints, high centers, and rotten ties, all of which caused the engine to rock in passing over the track, and gave it a tendency to leave the track; and that, at the very point where the wheels first mounted the rails, there was a low joint, caused by not having sufficient dirt tamped under it. The testimony of the witnesses in behalf of appellant shows that the track and the flanges of the wheels of the engine trucks were in good condition and not out of repair. Appellant further introduced evidence showing that, where the wheels of the engine trucks first got on the rail, the pieces of two spikes, which appeared to have been recently cut into two parts by the wheels of the engine, were found

at the time of the derailment, underneath or near the rail. It was shown that the spikes were of the kind ordinarily in use on the railway, and about nine-sixteenths of an inch thick. It was the idea and theory of appellant's witnesses that these spikes, by indications on the rail, were on the rail, and that they caused the wheels of the engine to mount the rail and to derail. A regular passenger train passed over the same place about two hours before the wreck occurred, at which time nothing unusual or irregular was observed by those operating the engine. Appellee testified that he was looking out for obstructions on the track, and that, if there had been any spikes on the top of the rail, he would have seen them.

[1] Under all the evidence, which was conflicting, it was for the jury to determine the proximate cause of the wreck. The verdict of the jury comprehends the findings of fact, which have support in evidence and are here adopted, that the appellee suffered injuries that were either solely caused or proximately caused in part by the negligence of appellant in respect to the acts, either and both, pleaded by appellee.

Glass, Estes, King & Burford, of Texarkana, for appellant. S. P. Jones, of Marshall, for appellee.

LEVY, J. (after stating the facts as above). It is thought that the evidence objected to in the second and third assignments of error, bearing, as it did, upon negligence bringing about the injury, was not improperly admitted; and these assignments are overruled.

[2] As the court's main charge sufficiently embodied, it is believed, the applicable rule of law, there was no reversible error in refusing to give the special charges made the basis of assignments of error Nos. 6, 12, and 15.

[3] The seventh and eighth assignments of error object to portions of the thirteenth and fourteenth paragraphs of the court's charge as being upon the weight of evidence. Taking each instruction in its entirety, there is not, it is concluded, ground afforded for reversible error, inasmuch as the instructions ultimately required the jury to find as a fact, not only that the particular conditions of the engine and the track existed, but also that they were negligent acts on the part of the railway company.

[4, 5] The eleventh assignment of error challenges the seventeenth paragraph of the court's charge as being unintelligible, an erroneous statement of the law, and conflicting in principle with a special charge given. The instruction is lacking in concise expression, and a portion of it is somewhat indefinite in meaning. But, when the instruction is read in connection with the special charge, the meaning of the whole is sufficiently definite

173 S.W.—35

and apparent, and not likely to have misled the jury in an understanding of it. The effect of the two instructions was to leave to the jury the decision of the proximate cause of the derailment and injury. By the court's instruction the jury were in substance and meaning informed that upon a finding by them that spikes were placed on the rail by persons for whose conduct the railway company was not responsible, and that the spikes being on the rail was the proximate cause of the derailment, the appellee could not recover; but that upon a finding by them of negligence on the part of the railway company in respect to the engine or track, either or both, and that such negligence was the proximate cause of the derailment, and that such injury would not have happened but for such negligence, then appellee could recover. The special charge concisely informed the jury that, if the derailment was found from the evidence to be solely due to and caused by spikes being on the rail, the appellee could not recover. The evidence clearly raised an issue of fact as to the proximate and sole cause of the derailment; and the instruction, in connection with the special charge, was not legally erroneous. Appellant may have been relieved of liability if the spikes were on the rail through no fault of its, and the spikes were either the sole or the proximate cause of the derailment. But if appellant was guilty of the alleged negligence, and such negligence was the sole cause of the injury, or if the injury proximately resulted in whole or in part through the negligent acts, the company would not be relieved of liability. Bonner v. Wingate, 78 Tex. 336, 14 S. W. 790; Railway Co. v. Boyce, 39 Tex. Civ. App. 195, 87 S. W. 395; 4 Labatt's Master and Servant (2d Ed.) § 1580. See principle in Markham v. Navigation Co., 73 Tex. 247, 11 S. W. 131; Railway Co. v. McWhirter, 77 Tex. 356, 14 S. W. 26, 19 Am. St. Rep. 755.

The court's charge in respect to assumed risk, as complained of in the thirteenth and fourteenth assignments of error, is not, it is concluded, affirmatively erroneous.

[6] By the sixteenth assignment of error the appellant complains of the refusal to give a special charge in respect to contributory negligence on the part of appellee, based on voluntarily jumping or alighting from the train. The record does not disclose or raise an issue that appellee jumped from the engine. On the contrary, the appellee, according to the record, did not succeed in alighting from the engine before it turned over. It is thought that, in the circumstances appearing here, any question of contributory negligence is not raised, and the court did not err in refusing the special charge.

We have considered the remaining assignments of error, and conclude they present no reversible error.

Judgment affirmed.