**SOUTHWESTERN GREYHOUND LINES, Inc. v. WAFER.**

**No. 2626.**

Court of Civil Appeals of Texas. Eastland.

Jan. 30, 1948.

Rehearing Denied Feb. 20, 1948.

McMahon, Springer & Smart, of Abilene, for appellant.

Scarborough, Yates, Scarborough & Black, of Abilene, for appellee.

GRISSON, Chief Justice.

W. E. Wafer and Lloyd Summers sued the Southwestern Greyhound Lines, Inc., for damages caused by a collision between Summers' truck and Wafer's automobiles. The cause was submitted to a jury which found, among other things, (1) that the driver of the Greyhound bus was "negligent in bringing the bus to a stop on the paved portion of the highway at the time and place in question;" (2) that such neg-ligence was a proximate cause of the collision; and, (3) that Wafer had sustained damages amounting to $900.00. The jury also found (5) that the Summers truck was being operated at the time of the collision with defective brakes; (6) that it was "negligent to operate said truck * * * with such defective brakes * * *"; but, (7) that such negligence was not the sole proximate cause of the collision. Judgment was rendered for Wafer and against Summers and the bus company has appealed.

Appellant contends that the action of the bus driver in stopping the bus on the paved highway at the edge of a bridge, under the circumstances shown, as a matter of law, was neither negligence nor a proximate cause of the collision between the Summers truck and the Wafer automobiles.

There was evidence that about 9 o'clock on the night of April 23, 1946, W. E. Wafer was moving six used automobiles west on Highway 80 in Callahan County; that Odis Wafer was driving the first car and pulling another; that he was followed by W. E. Wood, who was likewise driving one automobile and towing another, and that Wood was being followed by two other automobiles, driven separately. When Odis Wafer, driving west, approached a bridge on Highway 80, about eight miles east of Baird, he met a Greyhound bus traveling east as it approached said bridge from the west. The night was cloudy and it was misting. To the west of the bridge the road was straight for some distance where the highway went over a hill. East of the bridge the highway turned rather abruptly, making a curve to the south and then turning east again. Both the bus driver and Odis Wafer slowed down as they approached the bridge and Odis Wafer crossed the bridge in safety with two automobiles. He was followed by Wood with two automobiles. The bus appears to have come to a complete stop at about the time Wood drove his two cars on the bridge. About this time, the Summers truck, going east, came down the hill from the west. According to the testimony of its driver, M. L. Howard, he saw the bus when it was just west of the bridge. The bus had passed the Summers truck

about a mile or a mile and one-half west of the bridge. The driver of the truck did not see the bus again until he saw it "just west" of the bridge. He says the truck was then about two hundred yards west of the bridge and cars were coming toward him from the east; that he did not at first realize the bus was stopped but thought it was still moving; that he was temporarily blinded by the automobiles coming from the east "until I could not tell how close I was getting to the bus." That he knew that "buses and trucks had been passing on * * * that bridge." That he realized he was getting close to the bus, slowed down the truck with a hand brake, then put on the foot brake. That when he put on the foot brake, the action of the brakes pulled the truck to his left across the stripe on the highway and into the automobile driven by Odis Wafer; that it then struck the car being towed by Odis Wafer with such force that it was demolished. That the truck followed the towed car into the ditch and when it stopped it was pointed north. That the trailer portion of the truck was left with its rear wheels on the north side of the paved highway with the trailer pointed northeast.

There was evidence tending to show that the driver of the Summers truck threw on the foot brake for the purpose of suddenly stopping the truck to avoid running into the rear end of the bus when he realized the bus was not still moving east but had stopped on the paved portion of the highway in the entrance to the bridge, and that defective brakes on the Summers truck caused it to pull to the left and run into the Wafer automobiles.

There was evidence that the collision took place about 75 feet west of the bridge; that the front of the bus, when it stopped, was in the mouth of the bridge; that the bridge was 20 feet wide and the pavement was 18 feet wide. Mr. Avera, a highway patrolman, who was at the scene of the collision about 10 o'clock, testified that the pavement was not then damp. There was testimony to the effect that the bus could have stopped on the right hand shoulder of the highway off of the pavement, if it had been stopped before entering the guard railing at the approach to the bridge;

that the guard, consisting of posts and heavy wire, joined the concrete banisters of the bridge and gradually slanted away from the pavement for 50 feet. In other words, the closer a vehicle got to the bridge, the smaller the shoulder left on which a vehicle might be parked. The bus did not hit anything; nothing hit the bus. The principal question is whether, under these circumstances, there is evidence to sustain the findings that the bus driver was guilty of negligence which was a proximate cause of the collision.

 We think the principle applied in Atchison v. Texas & Pacific Ry. Co., 143 Tex. 466, 186 S.W.2d 228, 231, controls the decision of this case. There Mrs. Atchison was riding along a highway adjacent to the defendant's railroad track on her right hand side of the highway when she, as well as the driver of another automobile approaching her from the opposite direction, were enveloped in smoke from a grass fire negligently set on the adjoining railway track. She was struck by the third party. Mrs. Atchison recovered judgment against the railway company and the railway company on appeal presented substantially the same contentions as appellant presents here. Under such situation, the Supreme Court said:

"The rule is well established in this State that if an injury occurs from two causes, both due to the negligence of different persons, but together constituting an efficient cause, all persons whose acts contribute to the injury are liable therefor, and the negligence of one does not excuse the negligence of the other. Gulf, C. & S. F. Ry. Co. v. McWhirter, 77 Tex. 356, 14 S.W. 26, 19 Am.St.Rep. 755; Galveston, H. & S. A. Ry. Co. v. Vollrath, 40 Tex.Civ.App. 46, 89 S.W. 279.

"The proximate cause is not always the one nearest the injury, and if the original negligence concurs with some new cause or agency in producing an injury, the original negligence remains a proximate cause thereof and the original wrongdoer will not be relieved of liability because subsequent events or agencies may have concurred with the original negligence in bringing about the injury. Gulf, C. & S.

F. Ry. Co. v. Ballew, Tex.Com.App., 66 S.W.2d 659; Texas Power & Light Co. v. Culwell, Tex.Com.App., 34 S.W.2d 820; Atchison, T. & S. F. Ry. Co. v. Mills, 53 Tex.Civ.App. 359, 116 S.W. 852, (writ refused); Sandel v. State, 115 S.C. 168, 104 S.E. 567, 13 A.L.R. 1268.

"To make a negligent act the proximate cause of an injury it is not essential that the particular injurious consequences and the precise manner of their infliction could reasonably have been foreseen. If the consequences follow in unbroken sequence from the wrong to the injury, it is sufficient that if at the time of the original negligence the wrongdoer might by the exercise of ordinary care have foreseen that some similar injury might result from the negligence. Collins v. Pecos & N. T. Ry. Co., 110 Tex. 577, 212 S.W. 477; Fort Worth Gas Co. v. Cooper, Tex.Civ.App. 241 S.W. 282; Heiting v. Chicago, R. I. & P. R. Co., 252 Ill. 466, 96 N.E. 842, Ann. Cas.1912D, 451."

■ We cannot hold as a matter of law, under the circumstances mentioned, that appellant was not guilty of negligence in stopping the bus at night on the paved portion of the highway at the mouth of the bridge nor that such negligence was not a proximate cause of the collision. We think the jury had a right to conclude, as it evidently did, that the truck driver would not have suddenly and forcefully put on his foot brake but for the fact that the bus was stopped on the highway and he feared that he would strike the rear end of the bus. The fact that Summers was guilty of negligence in driving the truck with defective brakes does not conclusively establish either that the bus company was not guilty of negligence or that its negligence was not a proximate cause of Wafer's damage. Galveston, H. & S. A. Ry. Co. v. Vollrath, 40 Tex.Civ.App. 46, 89 S.W. 279, 281; Gulf, C. & S. F. Ry. Co. v. Ballew, Tex.Com.App., 66 S.W.2d 659, 661. We believe the jury had the right to conclude that Wafer's damages resulted from two causes, stopping the bus on the highway and defective brakes on the truck; that the evidence was sufficient to show negligence of the drivers of both the bus and truck and that the acts of both contributed to Wafer's injury; that the bus company was liable therefor, and that the negligence of Summers did not excuse the negligence of the bus company. If the collision was caused by both the stopping of the bus on the highway and Summers' defective brakes, and the drivers of both the bus and truck were thereby guilty of negligence, which taken together, constituted the efficient cause thereof, "then all the persons whose acts contributed to the accident are liable for an injury resulting, and the negligence of one furnishes no excuse for the negligence of the other." Gulf, C. & S. F. Ry. Co. v. McWhirter, 77 Tex. 356, 14 S.W. 26, 27, 19 Am.St. Rep. 755. The fact that Wafer's cars crossed the bridge and passed the bus in safety before being struck by the Summers truck does not establish as a matter of law that the bus driver was not negligent or that his acts were not a proximate cause of Wafer's damage.

■ One petition against the bus company was filed by both Summers and Wafer. The bus company filed a plea in abatement alleging misjoinder of causes of action and parties plaintiff. The plea was overruled and this action is assigned as error. We think the action of the trial court was in accord with the provisions of Texas Rules of Civil Procedure, rule 40, which, among other things, provides: "All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action."

All of appellant's points have been carefully considered. We think reversible error is not shown. The judgment is affirmed.