### H. B. PRUITT ET AL. V. W. B. DURANT.

#### No. 3199.

1.   **Limitation—Claims Against County.**—A claim for services as school teacher was audited by the Commissioners Court. The court, however, subsequently refused to issue a warrant for the claim, to pay it, or to order a tax levy to pay it. *Held*, that limitation of four years would bar action against the county from the time of the refusal to recognize the claim as valid.

2.   **Cause of Action.**—By Act of April 2, 1883 (Gen. Laws 1883, p. 41), the Commissioners Court was required upon auditing the claim (for services of school teacher) "to cause to be issued in favor of the holder thereof a warrant upon the county treasurer," etc., and to provide for payment of the same in the manner as specified in the act. When the Commissioners Court refused to issue a warrant and to levy the proper tax, such action gave the holder the right to sue; and limitation ran from the time he first could have brought his suit.

APPEAL from Leon. Tried below before Hon. W. D. WOOD, Special District Judge.

The appellee instituted this suit in the District Court upon a claim for $173 and interest, alleged to be due as a portion of his salary as a teacher in the public schools of the State in Leon County during the year 1874; and which he claims was duly audited and allowed as a valid debt by the County Commissioners Court of that county under the Act of the Legislature of April 2, 1883. The appellants were the members of the County Commissioners Court of Leon County; and the purpose of the suit is to compel them by mandamus to issue a proper warrant, as contemplated by the Act of 1883, to the plaintiff for the amount of his claim as audited, and to make suitable provisions for its payment as provided by law.

The suit was begun on the 29th day of October, *1889*, and the appellants, as defendants below, interposed the statute of limitation of four years as a defense. The court below held that the plaintiff's action was not barred, and awarded a peremptory mandamus requiring the defendants and "their successors in office to issue a draft" to the plaintiff for the amount of his claim (as audited by said court on the 13th day of August, 1883), with legal interest from that date, "upon the county treasurer, to be paid out of the general fund of Leon County." The court in addition gave judgment for costs against the defendants, and they have appealed.

The cause is now before us upon an agreement of counsel with the approval of the judge, in the nature of an "agreed case" under the statute. The agreement, so far as need be copied, is as follows:

"It is agreed, that this case may be tried in the Supreme Court upon the *petition* and answer and the following facts:

"1.   The claim sued upon was on August 13, 1883, *duly audited* by the Commissioners Court of Leon County.

"2. Leon County and her officers have ever since said August 13, 1883, *refused payment* of the claim sued upon, and plaintiff *soon thereafter* placed the same in the hands of an attorney for collection.

"3. 'On the 11th of February, *1884*, the Commissioners Court of Leon County, *without notice to plaintiff* and *in his absence*,' made an order, duly entered of record, in which the court 'acknowledged that it had before that date recognized and allowed the plaintiff's claim,' and others of like character, but the court by this order directed that 'drafts for the several amounts (previously) found to be due be *not* issued as provided in the first section of the Act of 1883, nor any levy of taxes with which to pay the same.' In other words, the court attempted by this order to revoke the former one and to repudiate the claims."

It further appears from the agreement, that in December, *1887*, "the plaintiff filed a petition in the Commissioners Court praying that his claim be reallowed, and that a draft on the county treasurer be issued in his favor for the amount of his claim." At the August term of the court, 1888, this petition was denied, and the court "refused to order the draft to be issued and the claim paid."

It appears that plaintiff at no time was able to obtain a draft on the county treasurer or other proper evidence to procure the payment of his claim. The Commissioners Court had simply audited it in August, 1883, but from that time on refused to allow the draft to be issued as contemplated by the Act of 1883, or to make any provision for its payment. The first order even, by which the claim was audited, did not authorize the issuance of the draft. It was simply an approval of the claim, indorsed upon the claim by the county judge with the concurrence of the other members of the court. All questions, however, as to the sufficiency of this approval as an order of the court, are obviated by the agreement that the claim was in fact "duly audited." Brown v. Reese, 67 Texas, 318; Brown v. Ruse, 69 Texas, 590.

It is admitted by the allegations of the petition, that "both *before* and since" the 11th day of February, *1884* (upon which date the Commissioners Court in effect revoked its former order allowing plaintiff's claim and refused to allow a warrant therefor to be issued), "the plaintiff often requested said court to cause to be issued in his favor a warrant upon the county treasurer" upon certain funds of the county as contemplated by law, or if that should not be deemed advisable, then to levy the proper tax for the payment of the claim, etc., but that said court refused to grant these requests, or "to make any provision for the payment of the claim in accordance with the said Act of 1883."

[This statement accompanied the opinion.]

*Frost & Etheridge* and *B. D. Dashiell*, for appellants.—The statute of limitations of four years will bar the recovery upon an audited school

claim where payment of it for more than four years prior to the institution of the suit has been refused, the holder of the claim having knowledge of the refusal to pay. Leach v. Wilson County, 68 Texas, 353; Caldwell County v. Harbert, 68 Texas, 321; Arapahoe Village v. Albee, 24 Neb., 242; Wood on Lim., sec. 53; De Cordova v. Galveston, 4 Texas, 470; Clark v. Iowa City, 20 Wall., 583; Koshonong v. Burton, 104 U. S., 668; Bank v. Baber, 6 Lea, 273; Justices of Bibb County v. Orr, 12 Ga., 137; Grayson v. Latham, 84 Ala., 546.

*Gammage & Gammage* and *J. J. Dotson*, for appellee.—The statute of limitation begins to run against such claims as are involved in this suit when presented to and rejected by the Commissioners Court; but when approved by the court, it then becomes a judgment of that court, and the ten years statute and not the four years statute begins to run after the last act of diligence upon the part of plaintiff (appellee herein) and the last act of the Commissioners Court involving the validity of the claim. Const., art. 16, sec. 36; Act of April 2, 1883; Rev. Stats., arts. 677, 3210; County of Caldwell v. Crockett, 68 Texas, 321; Brown v. Reese, 67 Texas, 318; Brown v. Ruse, 69 Texas, 590.

MARR, JUDGE, *Section A.*—We are of the opinion that, under the undisputed facts of the case, the court below erred in not sustaining the plea of limitation as interposed by the defendants. In arriving at this conclusion we have entirely ignored the order of the Commissioners Court of Leon County, made on the 11th day of February, 1884, by which that court distinctly repudiated the plaintiff's claim. That being an ex parte proceeding, and unknown at the time to the plaintiff, could not affect his rights nor start the statute of limitation. Leach v. Wilson County, 68 Texas, 354; Brown v. Ruse, 69 Texas, 592. In the first case cited it is said, however, by the Supreme Court, that "We are of opinion that if the passage of the order had been made known to plaintiff by any means, such order and notice would have put in operation the statute of limitations." This declaration is a clear announcement of the doctrine, that although a claim against the county may have been duly audited and allowed by the Commissioners Court, still it may be subsequently repudiated by the action of that court, to such an extent at least as to give the holder of the claim an immediate right of action to enforce the payment of his debt, and that consequently limitation will commence contemporaneously with the accrual of the right of action. We have no doubt of the correctness of this position; and further, that article 3210 of the Revised Statutes, which has been cited by appellee, has no application to the orders of the County Commissioners Court in approving claims or accounts against the county. Leach v. Wilson County, 62 Texas, 331.

We think that the admitted facts show that the Commissioners Court repudiated the claim of the plaintiff more than four years before the institution of this suit, and therefore that the claim was barred by limitation. We leave out of consideration, as we have before stated, the order of February 11, 1884, though circumstances are not lacking sufficient to indicate that the plaintiff in fact had learned of the passage of this order at a date amply remote to have completed the bar of limitation prior to the time of suit. We think the facts that the Commissioners Court had repeatedly, both before and after the 11th day of February, 1884, refused the request of the plaintiff to issue any draft or warrant upon the treasurer for his claim, or to make any provisions for its payment as contemplated by law, coupled with the fact that the plaintiff soon after the claim had been audited in August, 1883, placed it in the hands of an attorney at law for collection, clearly show a repudiation of the claim by the county and its authorities, and a knowledge of this fact upon the part of the plaintiff. These facts are inconsistent with the hypothesis that the Commissioners Court still recognized the claim as valid, or as a just demand against the county which the court intended to be paid, or that it would give effect to its original order allowing the claim. The facts enumerated are equally inconsistent with ignorance upon the part of the plaintiff of the action of the court in these particulars, and of its hostile intention in reference to the payment of his claim.

By the Act of 1883, the Commissioners Court was required, upon auditing the claim, "to cause to be issued in favor of the holder thereof a warrant upon the county treasury," etc., and to provide for the payment of the same in the manner as specified in said act. Gen. Laws 18th Leg., Reg. Sess., p. 41. When the Commissioners Court refused the requests of the plaintiff to issue such warrant and to levy the proper tax, such action gave him *at that time* just as perfect a right to then bring suit for the enforcement of his demand as he possessed when he did in fact institute the suit.

The acts and omissions upon the part of the court of which special complaint is made in the petition, though perhaps more formal and occurring at a later date, are of the same character as, and amount to no more in legal contemplation as affecting the question in hand than those which occurred more than four years before the institution of the suit. Limitation, of course, began to run from the time when the plaintiff might have first begun his suit. This he might have done, according to the averments of the petition, before the 11th day of February, 1884; and that he was advised of this state of the case, and of the intention of the court to repudiate the claim even as early as that date, is evidenced, as we have before observed, by the facts that "soon after August 13, 1883, he placed the claim in the hands of an

attorney for collection, and that ever since the county has refused payment of the claim." Caldwell County v. Harbert, 68 Texas, 321.

We conclude that the judgment of the District Court ought to be reversed and here rendered in favor of the appellants.

*Reversed and rendered.*

Adopted March 15, 1892.