## Rapid Transit Railway Company v. J. B. Edwards.

### Decided May 1, 1909.

**1.—Jury—Constitutional Law—Local or Special Law—Statute.**

The statute providing for a particular jury system for all counties having a city with a population of twenty thousand or more as shown by the United States Census of the year 1900, is not a local or special law within the meaning of the provision of the Constitution denying to the Legislature the power to pass any local or special law authorizing the summoning or empaneling grand and petit juries, and is not repugnant to art. 3, sec. 56 of the Constitution. General Laws, 1907, page 269.

**2.—Negligence—Street Railway—Injury to Employee—Obstruction of Track.**

Where a conductor on a street car was on the running board of the car in the course of his duty when he came in contact with a car of a railroad company standing in close proximity to the street car track, and it was undisputed that the obstructing car had been standing there all day, and that the street car company had an inspector whose duty was to see that the track was clear and prevent anything hindering the service, the mere fact that the street car company did not actually know of the close proximity of the railroad car to its track before the accident was not sufficient to acquit it of the charge of negligence in failing to remove or request the removal of the car.

**3.—Same—Concurring Negligence—Liability.**

If an accident occurs from two causes both due to negligence of different persons, but together the efficient cause, then all the persons whose acts contribute to the accident are liable for an injury resulting, and the negligence of one furnishes no excuse for the negligence of the other.

**4.—Same.**

The street car company being charged with negligence in failing to use ordinary care to discover and have removed a car belonging to a railroad company and standing so near the street railway track as to injure an employee on the street car, the fact that the railroad company was guilty of negligence in placing the car at such place did not necessarily relieve the street car company of liability.

**5.—Master and Servant—Knowledge of Danger—Negligence.**

It is the duty of the employe while engaged in the performance of his duties to use that care for his own safety which a person of ordinary prudence would use under similar circumstances, and he will be charged with knowledge of those things and held responsible for a failure to exercise such precautions which

such a person would ordinarily know and exercise, whether he negligently fails to observe and exercise them or not; and upon this principle he may be charged with the knowledge of a defect and danger arising from the negligence of the master, not because he is under obligation to make inquiry or examination as to the master's performance of duty, but because the thing is such that with common prudence he ought to see or know it in doing his own work.

**6.—Same—Contributory Negligence—Assumed Risk.**

Where a conductor on a street car was injured by coming in contact with a car standing near the street railway track, and the evidence tended strongly to show that he did not know and could not have known that the car was so near as to be dangerous without close examination, the mere fact that he knew before the accident that such car was standing near the street railway track, did not, as a matter of law, charge him with contributory negligence or impose upon him the assumption of the risk.

**7.—Same—Contributory Negligence—Obvious Danger.**

Where the conductor of a street car, who was injured by coming in contact with a car standing near the track, knew before the accident that the car was there, but the evidence did not conclusively show that the proximity of the car or the danger of coming in contact with it was obvious or that the conductor must necessarily have known of such proximity and danger in the discharge of his duties, he had the right to assume that the track was free from obstructions and reasonably safe for his use, and a charge on contributory negligence which imposed upon him the duty to examine and ascertain whether the car was dangerously near the track, was upon the weight of evidence and properly refused.

**8.—Negligence—Obstruction of Track—Street Railway.**

It being the duty of the street railway company to exercise ordinary care to discover the exact location of the obstructing car and have it removed, and the evidence showing that by the exercise of ordinary care this could have been done, failing this, the fact that it had no actual notice of the location of such car and no authority to control it did not relieve it from liability.

Appeal from the District Court of Dallas County. Tried below before Hon. E. B. Muse.

*Baker, Botts, Parker & Garwood, Walter H. Walne* and *Finley, Knight & Harris*, for appellant.

*Mathis & Freeman* and *Carden, Starling & Carden*, for appellee.

TALBOT, ASSOCIATE JUSTICE.—This is an action for damages on account of personal injuries sustained by appellee while serving the appellant in the capacity of a street car conductor. The defendant railway company answered by general and special exceptions to plaintiff's petition, a general denial and pleas of contributory negligence and assumed risk. From a judgment in favor of the plaintiff for the sum of $1,400 this appeal is prosecuted.

*Conclusions of fact.*—Appellee had been in the employ of appellant about two months, and about eleven o'clock at night on the 20th of August, 1906, while standing on the "running-board" of one of appellant's summer cars in the discharge of his duties as conductor of said car, and while said car was in motion, he came in contact with a coal car, under the control of the Gulf, Colorado & Santa Fe Railway Company, standing on a spur or side track owned by said railway

company, which was near to and lying parallel with appellant's street car track, and was injured. The coal car had been standing near appellant's track the entire day of August 20, 1906, and up to the time appellee was injured. There was a bulge in the coal car near its center, and by actual measurement made the next day after the accident by one of appellant's employes it was discovered that at this point the coal car came within twelve inches of the handles that extend up and down on the side of the street car; at the end of the coal car the distance between that car and the street car, as the latter passed, was sixteen inches. Prior to 6:40 o'clock p. m. on the day appellee was hurt the car under his control had been going north in passing the coal car, and during that time the running-board of his car was on the opposite side of said car from the coal car, and he was in no danger of coming in contact with the coal car. At 6:40 o'clock p. m. of that day, however, the course of his car was changed and ran south in passing the coal car, and while so running the running-board in use was on the side next to the coal car. After the car began to run south, and perhaps the first time it passed the coal car, he noticed the coal car on the spur track, but did not know how close it was to appellant's track of the street car he was operating, and could not have known of its proximity to the street car without a close examination or measurement of the distance between them. Just before appellee was injured the cord used to operate the register that records or registers the fares collected became fastened in some way, and it was necessary for appellee to step up in the car to fix it. After loosening the cord so it would operate the register he stepped down on the running-board and started to go forward to flag the street car over a railroad crossing, and just as he did so he was struck by or came in contact with the coal car and received the injuries of which he complains. Neither the coal car nor the spur track upon which it was standing was under the control of appellant, and there is no direct testimony that appellant had actual knowledge of the close proximity of said car to its street-car track or cars as they passed it. Appellant did, however, have an inspector whose duty it was to make trips over its line of street railway and ascertain if there were any obstructions on or too near its track, and by the exercise of ordinary care the dangerous nearness of the coal car to its track could have been discovered. The failure to use such care and to have the coal car removed was negligence on the part of appellant, and such negligence was the proximate cause of appellee's injury. The appellee was not guilty of contributory negligence, nor did he assume the risk of injury from said car.

*Conclusions of law.*—The first assignment of error is, that "The court erred in overruling defendant's motion to quash the jury panel for the week drawn under the law enacted by the Thirtieth Legislature, chapter 131, page 269, the ground of such exception being the unconstitutionality of said law." The proposition urged is that as the Act complained of provides a special jury law and system for counties which have cities aggregating in population 20,000, as shown by the United States census of 1900, and excludes from the operation of such

law for all time all other counties in the State, it is an unreasonable and arbitrary discrimination, a special and not a general law, and violative of the Constitution of this State. There was no error in this action of the court. In the case of Northern Texas Traction Co. v. Danforth, 116 S. W., 147, we had occasion to pass upon this question and there held, upon the authority of Smith v. State, 54 Texas Crim. Rep., 298, decided by the Court of Criminal Appeals of this State, and in which a very able and exhaustive opinion was written upon the subject by Judge Brooks of that court, that the law assailed was not unconstitutional. This ruling seems to have been approved and sustained by our Supreme Court, for that they recently denied a writ of error in the Danforth case.

It is assigned that the court erred in refusing to instruct the jury, at defendant's request, to return a verdict in its favor. The contention is, (1) that the uncontroverted evidence showed that defendant was not guilty of any negligence resulting in plaintiff's injury; (2) that the uncontroverted evidence showed conclusively that plaintiff was guilty of negligence which contributed to any injury he may have received; (3) that the uncontroverted evidence showed conclusively that plaintiff assumed the risk of any danger incident to the location of the coal car upon the track of the Santa Fe Railway Company. We do not think that either of these propositions can be maintained. On the contrary, we are of opinion that the evidence was amply sufficient to require the submission of each of the questions involved to the jury for their decision, and, as indicated by our conclusions of fact, warranted their findings which are necessarily embraced in their verdict, against appellant upon each of them. The mere fact that appellant did not actually know of the close proximity of the coal car to the street railway track before the accident, was not sufficient to acquit it of the charge of negligence. It is undisputed that the car had been standing where it was when appellee was hurt, practically all of the day on which the accident happened. T. R. Potts, appellant's claim agent, testified that it had inspectors at the time of the accident whose duty it was, among other things, to look after everything that would hinder the service of the cars; that if there was any obstruction on the tracks, to look after it and keep the cars running. Appellee testified that appellant had inspectors to look after the tracks when he was injured to see that they were clear. C. L. McManus, freight agent for the Santa Fe Railroad at Dallas, testified that if he had had any knowledge of the fact that there was a coal car on the Santa Fe track where the accident occurred, dangerously close to appellant's railway track, he would have taken action in respect to moving that car immediately, and as a matter of precaution would have stationed a man there to flag and warn the street car people. Whether under the circumstances appellant was guilty of negligence in failing to discover the situation of the coal car and to remove or request its removal by the Gulf, Colorado & Santa Fe Railway Company, was clearly a controverted issue and its withdrawal from the jury would have been error. Nor would the fact that appellant did not have control of the coal car or Santa Fe track necessarily relieve it of liability. As said by this court in the case of Railway Company v. Ellen Williams, decided at a

former day of this term (March 6, 1909), and unreported: "If an accident occurs from two causes, both due to negligence of different persons, but together the efficient cause, then all the persons whose acts contribute to the accident are liable for an injury resulting, and the negligence of one furnishes no excuse for the negligence of the other." Therefore, notwithstanding the Santa Fe Railway Company was guilty of negligence in placing the coal car so close to the railway track of appellant, the jury were justified in concluding that appellant failed to use ordinary care to discover and have said car removed, and that such negligence concurring with the negligence of the Santa Fe Railway Company proximately contributed to cause appellee's injuries. So, too, the undisputed fact that appellee knew before the accident that the coal car was standing on the track of the Santa Fe Railway Company near appellant's railway track, did not, as a matter of law, charge him with contributory negligence or impose upon him the assumption of the risk of danger from said car. He testified in effect that he saw the car there that evening about 6:40 or 7 o'clock p. m., but had not noticed it that night after dark; that it was drizzling rain, most of the curtains of the car drawn down and very dark; that while ordinarily there would be nothing to prevent a man from seeing cars standing on the Santa Fe track, yet if the curtains of the street car were down and it was raining, he did not think a man would discover the cars. He further stated that just before he was injured he had flagged two railroad crossings; that the cord that rings the register of fares got hung and that after getting up in the car and fixing it he stepped down on the running-board with a view of flagging a third crossing, and as he did so he was struck by the coal car and injured. Before this he did not know of the dangerous nearness of the coal car to the street railway track, and the evidence tends strongly to show, if not conclusively so, that he could not have known of it without a close examination for that purpose. This he was not required to do. It was the duty of appellant to exercise that degree of care required of it by law to have its railway track in proper condition for the use of appellee, and to this end it devolved upon it to make such inspections thereof as were essential to constitute such care. This duty appellee had a right to assume had been properly performed, and the fact that he might have discovered by an investigation the dangerous proximity of the coal car to the street railway track does not affect his right to recover. Of course, it was appellee's duty to use, while engaged in the performance of his duties, that care for his own safety which a person of ordinary prudence would have used under similar circumstances, and he will be charged with a knowledge of those things and held responsible for a failure to exercise those precautions which such a person would ordinarily know and exercise, whether he negligently failed to observe and exercise them or not. Therefore, as said in Peck v. Peck, 99 Texas, 10, "it is thus that he may be charged with knowledge of a defect and danger arising from negligence of the master, not because he is under obligation to make inquiry or examination as to the master's performance of duty, but because the thing is such that with common prudence he ought to see or know it in doing his own work." Recognizing these principles and putting the matter in the most favor-

able light for appellant warranted by the evidence, it can not be said that contributory negligence on the part of appellee or his assumption of the risk of danger incident to the location of the coal car upon the Santa Fe track was so conclusively established as to require us to reverse the judgment of the lower court on either of those grounds.

It does not appear that appellee had actual knowledge of the dangerous proximity of the coal car to appellant's track, and unless that fact was sufficiently obvious to charge him with knowledge of it by reasonable observation he will not be held to have assumed the risk of injury from it; nor is he to be held guilty of contributory negligence as a matter of law in stepping down upon the running-board of the street car without previously or at the same instant looking to see whether he was in danger from the coal car. (Whipple v. New York, N. H. & H. R. Co. (Rhode Island), 5 Am. & Eng. R. R. Cases (N. S.), 517.) In the case cited, it is held that the dangerous proximity of a telegraph pole placed near a railway track which inclined towards it at the top, so that the space between the pole and the ladder on the side of the freight car which the plaintiff was climbing at the time injured was fifteen and one-eighth inches, was not an obvious defect.

Appellant requested the trial court to charge the jury as follows: "You are instructed that under the uncontroverted evidence plaintiff knew of the location of the cars of the Santa Fe Railway Company on its track, and you are therefore instructed that it was the duty of plaintiff to exercise ordinary care to avoid coming in contact or collision with such cars, and if you find and believe from the evidence that he never looked to see if he was opposite said cars and never used any means whatever to ascertain the immediate danger of a collision with said car, then he would be guilty of contributory negligence as a matter of law, and it would be your duty to return your verdict for the defendant." The refusal of this charge is made the basis of appellant's fourth assignment of error. This charge, we think, was upon the weight of the evidence and properly refused. There was evidence that appellee observed the coal car standing on the Santa Fe track some three or four hours before the accident resulting in his injury occurred, but it certainly did not conclusively appear that the proximity of the car or the danger of coming in contact with it was obvious or that appellee must necessarily have known of such proximity and danger in the discharge of his duties. Unless it did so appear from the evidence appellee had the right to assume, as heretofore stated, that appellant had exercised the care defined by law to furnish him a track free from obstructions and reasonably safe for his use in the performance of the work required of him. The charge in question is so framed that had it been given the jury would have thereby been misled into the belief that it was appellee's duty to examine and ascertain whether or not the car was dangerously near the street railway track, and that if he failed to do so he could not recover. Whether under all the facts and circumstances of the case the appellee failed to exercise ordinary care for his own safety was an issue of fact for the jury; and this issue by the general charge, and especially by a special instruction given at the request of appellant, was fairly submitted.

Nor did the court materially err in refusing to give appellant's spe-

cial charges Nos. seven and eight, to the effect that there was no evidence before the jury that any authorized agent of appellant had notice of the location of the coal car or participated in placing it upon the Santa Fe track before the accident, or that it had control over the placing or removal of said car and therefore was not charged with such control, and that the jury should not consider any claim of appellee that it had such notice. These charges were probably upon the weight of the evidence and clearly calculated to induce the jury to believe that if appellant had no actual notice of the placing of and location of the coal car on the Santa Fe track, that under no circumstances would it be liable for the injuries sustained by appellee. Such is not the law. It was appellant's duty to exercise ordinary care to discover the exact location of said car and such care to have it removed. Failing in this, it could not escape liability on the ground that it had no actual notice that the car was there and no authority to control it. The evidence shows that had appellant exercised ordinary care it would have discovered the close proximity of the car to its track and that upon the giving of notice of that fact to the agent of the Santa Fe Railway Company at Dallas, immediate steps would have been taken by him to remove the car.

We have found no error requiring a reversal of the case, and the judgment of the court below is therefore affirmed.

*Affirmed.*

### ON REHEARING.

In this motion we are asked to make additional findings of fact, which we do as follows: In the vicinity of Moser's foundry, by which the defendant's cars passed upon its track, there were three railway crossings in rather close proximity to each other. The car of the Santa Fe Railway Company which injured the appellee was located upon the track of that company alongside defendant's track and between the second and third railroad tracks, and appellee was familiar with the location of all the crossings and of Moser's foundry. Appellee knew that the coal car with which he came in contact was located between the second and third tracks and near the foundry, and at the time of the accident he knew he was between the second and third tracks, and that he was near the foundry. The distance between the second and third tracks was 100 to 150 feet. As appellee stepped down on the running-board just immediately before he was injured he did not look to see if the car that he came in contact with was standing there. Whether he could have seen the car, had he looked, is not entirely free from doubt. He testified on that point as follows: "I suppose the street car had a headlight on the front of it. These headlights throw a light on either side of the track and down the track for some distance. I don't know as I could have seen one (car) if I had looked. I suppose I could have if I had been looking that way and had not been attending to my duties; if I had been looking for cars I guess I could have seen it. The lights on the car that I was running were dim at the time I got hurt." We see no reason to change our views as expressed in the original opinion. Whether the appellant was guilty of negligence which was the proximate cause of appellee's injuries, and whether

appellee, under all the circumstances of the case, was guilty of contributory negligence, were issues of fact for the determination of the jury. The motion for rehearing is overruled.

                                                            *Overruled.*

Writ of error refused.