ZUCHT v. BROOKS et al. (No. 6276.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 19, 1919. On Motion for Rehearing, Dec. 17, 1919.)

1. NEGLIGENCE ⬤⟩92—IMPUTED NEGLIGENCE OF JITNEY DRIVER.

Where plaintiff was injured while passenger in jitney by collision with defendant's automobile, which violated traffic ordinance in not passing center of street intersection before turning to the left, negligence of the jitney driver in violating the speed ordinance was no defense, unless defendant's negligence had not concurred with the jitney driver's negligence in causing the injury; the jitney driver's negligence not being plaintiff's negligence.

2. MUNICIPAL CORPORATIONS ⬤⟩705(4)—VIOLATION OF TRAFFIC ORDINANCE NEGLIGENCE PER SE.

If defendant caused injury to plaintiff, a jitney passenger, by collision with the jitney,

by turning his automobile to the left before reaching the center of the street intersection, in violation of the traffic ordinance requirement, his act was negligence per se.

3. MUNICIPAL CORPORATIONS ⬤⟩706(8)—PROXIMATE CAUSE OF AUTOMOBILE COLLISION.

If unlawful turning of defendant's automobile to left before reaching center of street intersection was cause of collision with jitney, injuring plaintiff, passenger in the jitney, it was the proximate cause, whether it was the sole cause or concurred with the jitney driver's negligence, and instruction submitting the issue whether such turning was the cause of the accident was sufficient, without submitting the issue whether the jitney driver's negligence caused the collision.

4. TRIAL ⬤⟩260(3)—REQUESTS AS TO BURDEN OF PROOF SUFFICIENTLY COVERED BY CHARGE.

Where, in personal injury action, the trial court placed the burden of proof on plaintiffs as to every material allegation in their petition, it was unnecessary to repeat that instruction at defendant's request; there being no showing that the jury were misled as to the burden of proof being on plaintiffs as to defendant's negligence, and amount of damages, which is the test.

5. WITNESSES ⬤⟩406—IMMATERIAL IMPEACHING EVIDENCE.

Exclusion of evidence, in personal injury action, that plaintiff was conveyed from a house of ill fame shortly before the accident, was proper, as it would not tend to contradict her testimony that she had been receiving $15 a week for piano playing in a theater.

6. EVIDENCE ⬤⟩598(1)—NUMBER OF WITNESSES.

A verdict for plaintiffs in personal injury case is not contrary to decided preponderance of evidence, because appellees had only two witnesses to accident, one of whom was one of the appellees, while appellant had three disinterested witnesses.

On Motion for Rehearing.

7. APPEAL AND ERROR ⬤⟩1005(3)—VERDICT APPROVED BY TRIAL COURT.

Verdict approved by trial court will not be disturbed on appeal, on the ground that the testimony offered by appellant should be accepted as true, and that of appellees rejected as unworthy of belief; the credibility of witnesses and the weight to be given their testimony being a matter for the jury.

8. MUNICIPAL CORPORATIONS ⬤⟩706(5)—AUTOMOBILE COLLISION; EVIDENCE.

In action by jitney passenger for injuries from collision with defendant's automobile, evidence held to support verdict for plaintiff.

9. TRIAL ⬤⟩351(5)—UNNECESSARY DUPLICATION OF SPECIAL ISSUES.

In jitney passenger's action for injuries from collision with defendant's automobile, where trial court submitted issue whether defendant turned to the left before reaching center of street intersection, it was unnecessary to further ask jury whether defendant went

---

⬤⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

straight ahead across the intersecting street on the right-hand side of the street he was on.

10. TRIAL ⬤⟿350(1)—AFFIRMATIVE SUBMIS-SION OF FACTS IN SPECIAL ISSUES.

The rule as to the affirmative submission of each group of facts to the jury has no application to cases submitted on special issues.

Error from Bexar County Court; John H. Clark, Judge.

Action by Roberta Brooks and husband against A. D. Zucht and others, dismissed as to all except defendant Zucht. Judgment for plaintiff, and defendant Zucht brings error. Affirmed.

Don A. Bliss, of San Antonio, for plaintiff in error.

FLY, C. J.   This suit was originally instituted by defendants in error, Roberta Brooks and Ed. Brooks, her husband, hereinafter called appellees to prevent confusion, against Cole Y. Bailey, Clemmie Bailey, Carson Colley, and A. D. Zucht, plaintiff in error, and hereinafter called appellant, to recover damages alleged to have arisen from personal injuries inflicted on the said Roberta Brooks through a collision of automobiles caused through the negligence of the defendants. The cause of action was dismissed as to all the defendants except A. D. Zucht, who, it was alleged, negligently ran into a jitney in which Roberta Brooks was riding and injured her, to her damage in the sum of $990. The negligence was alleged to consist in violations of traffic ordinances of the city of San Antonio by appellant, in not having control of his car at the intersection of East Commerce and Mesquite streets, and in not passing the center of Commerce street when he desired to turn to the left. The cause was tried by jury, resulting in a verdict and judgment in favor of appellees for $490.

There was evidence tending to show that appellee Roberta Brooks was in a jitney car going east on East Commerce street, and when the jitney reached the intersection of Mesquite and Commerce streets it was run into by the automobile of appellant, who had been going north on Mesquite street and desired to turn west on Commerce street, and instead of passing the center of the street, as required by the traffic ordinance, appellant made a short turn to the west or left, and ran into the jitney ;car, and injured Roberta Brooks in the sum found by the jury.

[1] The first assignment of error complains of a refusal, by the trial judge, to place the following issue before the jury:

"In connection with question No. 2, you are instructed that, if you believe from the evidence that the collision would not have occurred if the said Zucht had not turned his car to the left when he reached the intersection of said streets, and before he passed the center of Com-merce street, you will answer said question 'Yes'; but if you believe from the evidence that it was the running of the jitney car at a high rate of speed that caused the collision, you will answer said question No. 2 'No.' "

That instruction proceeds on the assumption that appellant had violated the ordinance which required him, when he desired to turn to the left, to pass beyond the center of the street before turning, but, if the jitney driver had violated an ordinance as to rate of speed, then appellees could not recover. In other words, if the acts of two tort-feasors concurred in producing the collision, the innocent parties, who had nothing to do with causing the result, could not recover. That is not the law as applied to the facts in this case. The injured party was riding in a public conveyance, which was not under her authority or control, and the negligence of the driver of the public conveyance was not her negligence, and appellant could gain no advantage from the negligence of the driver, unless appellant's negligence had not concurred with that of the driver in producing the result. If both were guilty of negligence, both were liable to the injured party, and she could sue one or both as she saw fit. O'Connor v. Andrews, 81 Tex. 28, 16 S. W. 628; Railway v. Vollrath, 40 Tex. Civ. App. 46, 89 S. W. 279; Ray v. Railway, 40 Tex. Civ. App. 99, 88 S. W. 466; Railway v. Mills, 53 Tex. Civ. App. 359, 116 S. W. 852; Railway v. Edwards, 55 Tex. Civ. App. 543, 118 S. W. 838; Moore v. Kopplin, 135 S. W. 1033.

[2, 3] If appellant caused the accident by turning his car to the left before reaching the center of the street, his act, being in violation of an ordinance, was negligence per se, and the court was not called upon to submit any issue as to whether such act was negligent, and every issue in the case was clearly presented, when the court asked:

"On the occasion of the accident did A. D. Zucht turn his automobile to the left before it had passed the center of Commerce and Mesquite streets?" and "Did the turning of his automobile to the left before it had passed the center of Commerce street cause the accident?"

Under the facts of this case, if the car was turned to the left before reaching the center of Commerce street, it was in violation of law, and was negligence, and if such unlawful turning was the cause of the accident, it was the proximate cause, whether it was the sole cause, or concurred with the negligence of the jitney driver. It was unnecessary to submit an issue as to whether the jitney driver's negligence caused the collision, when the evidence showed and the jury found that appellant by his negligence caused the accident. Our conclusions dispose of the second, third, fourth, fifth, and sixth assignments of error, as well as the first.

[4] The court placed the burden of proof

upon appellees as to every material allegation in their petition, and it was unnecessary to repeat that instruction at the request of appellant. The seventh assignment or error is overruled. There is nothing that tends to indicate that the jury were misled as to the burden of proof being on appellees as to the negligence of appellant and the amount of the damages, and that is the test. Railway v. Smith, 65 Tex. 167.

[5] The eighth assignment of error is without merit. Evidence that Roberta Brooks may have been conveyed from a house of ill fame shortly before the accident would not tend to contradict her testimony to the effect that she had been receiving $15 a week for playing a piano in a theater. The evidence was properly excluded.

[6] The ninth assignment of error proceeds upon the theory that the verdict is contrary to the decided preponderance of the evidence, because appellees had only two witnesses, Roberta Brooks and Polk, the jitney driver, while appellant had three disinterested witnesses. The jury evidently believed that the two witnesses for appellee had sworn truthfully, as they had the right and prerogative to do. One of the witnesses, Wesley Jackson, who is claimed by appellant, testified:

That he "saw an automobile coming east on the right-hand side of Commerce street; that another car burst out of Mesquite street, and kind of cut the car coming on Commerce street, and threw this car upon the track near the street car track."

The jury could have found that the evidence tended to corroborate the evidence of Roberta Brooks rather than that of A. D. Zucht.

The judgment is affirmed.

## On Motion for Rehearing.

[7] The motion for rehearing is based upon the assumption that the testimony offered by appellant should be accepted as true and that of the appellee rejected as unworthy of belief. The jury and trial judge had the witnesses before them, and first the jury and then the judge, on motion for new trial, found that the testimony of the witnesses offered by appellee was entitled to credit and that of appellant was not. The credibility of witnesses and the weight to be given their testimony are matters placed exclusively in the hands of juries, and appellate courts have no authority under the judicial system of Texas to interfere with that privilege. This is a heritage from the common law, and is preserved in tne federal Constitution, and in every state by Constitution or statute.

[8] In this case Roberta Brooks, who is made a competent witness by the laws of Texas, testified that appellant cut to the left when he reached the crossing of Commerce and Mesquite streets, and struck the car in which she was riding, and injured her. The jury could have based a verdict on her testimony alone, but there was other testimony. Emmett Polk, the jitney driver, testified that he was driving on Commerce street, and blew his horn, about 50 feet from the corner of that street and Mesquite, and the car of appellant dashed to its left around the corner, and ran into his automobile, and carried it across the street car track, and that, when struck, his car was nearer the curb on the south side of Commerce street than it was to the street car track. Wesley Jackson testified:

That he was standing on the sidewalk on the south side of Commerce street, at the southeast corner of that street and Mesquite street; that he heard the horn and saw an automobile coming east on the south or right-hand side of Commerce street; "that another car burst out of Mesquite street and kind of cut the car coming on Commerce street, and threw this car upon the track, near the street car track; that the two cars had not passed the center of Mesquite street going east when the collision occurred."

It is true that this evidence was flatly contradicted by appellant, but the jury, in the exercise of their discretion, gave credit to the testimony offered by appellee. There was nothing unreasonable in the manner in which the discretion was exercised.

[9] The trial court was not requested by appellant to submit an issue as to whether the collision occurred on the east side of Mesquite street in Commerce street through the unlawful speed of the jitney, but endeavored to make an issue as to whether the car of appellant was struck on any part of Commerce street through the fast running of the jitney. If appellant ran to the left around the southwest corner of Commerce street, that would not save appellant from the effect of his negligence in violating an ordinance of the city. It is apparent from the evidence, believed to be true by the jury, that if appellant had run on the east side of Mesquite street, across Commerce street, the collision would not have occurred, and the jury was justified in finding that the negligence of appellant caused the collision.

[10] Much of a long and emphatic, if not intemperate and vituperative, argument assails the opinion of this court on the ground that it sustains a refusal of the trial judge to give an affirmative submission of appellant's theory of the case. Appellant seems to lose sight of the fact that this case was submitted on special issues, and not on a general issue, and that all the cases cited by him have reference only to the practice when a cause is submitted on a general charge. The court submitted to the jury the question as to whether appellant turned to the left in entering Commerce street, and an answer to that question disposed of every question that could arise as to how he got into or across Commerce street. Appellant, however, desired not only that the jury should be asked, Did appellant turn to the left into Commerce

street? but also, Did he go straight across Commerce street on the east side of Mesquite street? Special issues would be rendered farcial by such practice. If the jury answered that appellant did turn to the left, or did not turn to the left, that disposed of every issue. The matter presented by appellant is not new, and the position assumed by him has been overthrown by this and other courts. In the case of Railway v. Dawson, 201 S. W. 247, this court held, through its Associate Justice Swearingen, that the rule as to the affirmative submission of each group of facts to the jury has no application to cases submitted on special issues. This court said:

"We think that rule has no application where the case is submitted upon special issues. In accordance with a general charge, the jury is required to find for or against one of the parties; whereas, by special issues, 'the jury, as triers of facts solely, had nothing to do with the legal effect of their findings'"—citing Fain v. Nelms, 156 S. W. 281, and Railway v. Hodnett, 182 S. W. 7.

The instruction numbered 1, requested by appellant, was in effect that, if the jury found that he turned his car to the left, they should answer that he did so turn it, and, if they found that he did not turn to the left, they should say he did not so turn it. We fail to see that the instruction tended to throw any light on the subject, but would merely have tended to confuse the jury. If the jury found that appellant turned to the left at the corner of the street, it would not seem essential to have them answer that he did not go on the right side of the street across Commerce street, and yet that is what is requested by appellant, under cover of asking an affirmative presentation of a certain group of facts. If he turned to the left, he did not keep to the right, and, if he did not turn to the left, he did keep straight forward to the right. The court tersely and clearly presented every issue in the case.

The motion for rehearing is overruled.