## SAIGH v. LAECHELIN. (No. 8186.)

Court of Civil Appeals of Texas. San Antonio. May 8, 1929.

Rehearing Denied June 5, 1929.

P. E. Campbell, of Seguin, for appellant.
A. P. Mueller, of Seguin, for appellee.

FLY, C. J. At a former day of this term this cause was dismissed because the transcript did not contain a copy of the bond given on appeal from the justice's court to the county court. Upon a showing by appellant that the failure to insert a copy of the bond was not through the negligence of appellant, accompanied with a copy of the bond, the cause has been reinstated, and will be decided on its merits.

The action begun in the justice's court by appellee was for $195, and appellee recovered in both trial courts. The suit was for damages based on a claim that the farm fence of appellee was taken down by appellant, and a certain mule of appellee in said farm escaped from the farm through the openings in the fence caused by appellant, and was killed.

The evidence showed that appellee's farm lay along the Guadalupe river, and, in order to prevent his mules from crossing the river, which was shallow at a certain point, appellee closed the approach to the river at that point by a fence, and that fence was found torn down by appellee and his mules gone. One of them had a right leg broken when the mules were found on the opposite side of the river, and, being utterly useless, was killed by appellee. It was proved that the fence was torn down and left down by employés of appellant. The employé who cut the wires of the fence was acting under orders of appellant. It was not known how the leg of the mule was broken. Appellant did not testify.

Three of the six propositions and three of the six assignments of error are devoted to the action of the trial court in overruling the plea of privilege filed by appellant to be sued in Bexar county. The suit was based on a tort alleged to have been committed in Guadalupe county, in unlawfully cutting the wire fence of appellee, and thereby making it possible for the mules of appellee to escape. The suit was instituted in the justice's precinct in which the crime occurred, and it is provided in exception 9 of article 1995, Rev. Stats. 1925, that: "A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile." The act of cutting the fence was a crime, an offense, and a trespass. By article 1352, Penal Code 1925, it is provided that any person who shall break, pull down, or injure the fence of another without his consent may be punished by fine of not less than ten nor more than one hundred dollars, and, in addition, may be imprisoned in jail not exceeding one year. In article 1353, Penal Code of Texas 1925, fence cutting is punished with confinement in the penitentiary for not less than one nor more than five years. The facts clearly indicate that a Mexican working for Saigh, acting under his instruction, cut appellee's fence, and that, by reason of such fence cutting, the mules of appellee escaped; and one of them was so injured as to be utterly worthless. As said in Hill v. Kimball, 76 Tex. 210, 13 S. W. 59, 7 L. R. A. 618, speaking of the exception under which the case was brought: "It occurs to us the consideration which induced the exception was that one who had been injured in his person or his property by the wrongful or negligent conduct of another, should not be driven to a distant forum to get redress of his wrongs." The case cited can be studied with profit on the subject of proximate cause also. The venue of the cause was properly laid in Guadalupe county.

We think the destruction of the fence, by order of appellant, was the proximate cause of the injuries to the mule that resulted in its death. If the fence had not been cut, the mule would not have escaped,

and, if it had not escaped, it would not have been hurt. Cutting the fence concurred with the cause that resulted in injury to the mule and appellant would therefore be liable. Gonzales v. City of Galveston, 84 Tex. 3, 19 S. W. 284, 31 Am. St. Rep. 17; Atchison, T. & S. F. R. Co. v. Mills, 53 Tex. Civ. App. 359, 116 S. W. 852.

■ There is no merit in the third proposition, and it is overruled. All facts complained of as being hearsay were proven by other witnesses, and therefore the hearsay evidence could not have injured appellant. The fifth and sixth propositions are also overruled.

The judgment is affirmed.